IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GERALD GADDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−CV−1735−SMY |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| M. SIDDIQUI, | ) | |
| SHAH, | ) | |
| M. MOLDENHAUER, and | ) | |
| JACQUELINE LASHBROOK | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Gerald Gaddy, an inmate who is currently incarcerated at Menard Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights. Specifically, Plaintiff alleges that Defendants were deliberately indifferent to his right shoulder and left knee discomfort, and asserts claims under the Eighth Amendment. Plaintiff seeks monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

1

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). As part of the screening order, the Court will also consider whether any claims in the Complaint are improperly joined in this action and are subject to severance. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## **The Complaint**

Plaintiff makes the following allegations in the Complaint: Plaintiff began experiencing right shoulder and left knee pain in late October or early November 2017. (Doc. 1, p. 4). He complained to Physician Assistant Zimmer[1], Dr. Shah, Oakley, Moldenhauer, Dr. Siddiqui, and Lashbrook, but never received adequate medical attention. (Doc. 1, pp. 5-17). On May 2, 2018, Plaintiff fell out of his bunk and struck his head as a result of his knee issues. (Doc. 1, p. 7). Dr.

---

[1] Although Plaintiff makes factual allegations regarding an unnamed physician assistant, Zimmer, and Nurse Oakley, these individuals are not listed in the case caption, and the Court will not consider them Defendants in this action. Federal Rule of Civil Procedure 10. *See also Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

2

Siddiqui examined him after the incident but failed to follow concussion protocol or to address Plaintiff's complaints of knee, neck, and back pain. (Doc. 1, p. 8).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated Counts:

**Count 1:** Shah, Siddiqui, Moldenhauer, and Lashbrook were deliberately indifferent to Plaintiff's chronic pain conditions in violation of the Eighth Amendment**;**

**Count 2:** Siddiqui was deliberately indifferent to Plaintiff's head injury on May 2, 2018 in violation of the Eighth Amendment;

**Count 3:** Wexford has an unconstitutional policy or practice of refusing to refer inmates out for needed medical services in violation of the Eighth Amendment, and Lashbrook approved, condoned, or turned a blind eye to that policy.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Discussion

### Counts 1 and 2

Plaintiff adequately alleges that the condition of his knee and shoulder have caused him continuous chronic pain. Continuous severe pain can be a serious medical need. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Likewise, Plaintiff alleges that his slip and fall caused him to hit his head, and that he may have had a concussion. A concussion is also an objectively serious medical need. *Id*.

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Plaintiff also alleges as to Counts 1 and 2 that the defendants knew he had a serious medical condition and yet failed to provide adequate medical treatment, failed to schedule treatment previously prescribed, and persisted in treatment known to be ineffective. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012); *Berry v. Peterman*, 604 F.3d 435, 441-42 (7th Cir. 2010); *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). Thus, Plaintiff has sufficiently stated a deliberate indifference claim in Counts 1 and 2. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016).

### Count 3

Normally, a private corporation is shielded from vicarious liability under § 1983. However, Wexford is presumed to act under color of state law, and is thus treated as though it were a municipal entity. *Jackson v. Ill. Medi–Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002).

To state a claim against a municipality, a plaintiff must demonstrate that the wrongdoers acted pursuant to an unconstitutional policy or custom, *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 664 (7th Cir. 2016); *Shields v. Ill Dep't of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014); *Perez v. Fenoglio*, 792 F.3d 768, 780 & n. 5 (7th Cir. 2015), and that the policy was the moving force behind the constitutional violation. *Gable v. City of Chicago,* 296 F.3d 531, 537 (7th Cir. 2002) (*quoting Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). Such a claim can be based on implicit policies or gaps in explicit policies. *Daniel v. Cook County*, 833 F.3d 728 (7th Cir. 2016).

Here, Plaintiff alleges that Wexford has a policy of refusing to refer inmates out for medical treatment, and that this policy has harmed him. He further alleges that Defendant Lashbrook knew about the policy and turned a blind eye or condoned it. This is sufficient to state a claim against Wexford and Lashbrook; Count 3 will also proceed in this litigation.

## **Pending Motions**

Plaintiff filed a motion to appoint counsel contemporaneously with the Complaint. (Doc. 3). The Motion states that Plaintiff has contacted Loevy & Loevy, Goldstein, FluxGold, Baron, and Schwartz & Kanyock seeking counsel, but only heard back from two of them. (Doc. 3, p. 1). Although the Motion indicates that Plaintiff attached the two responses, no responses are attached to his Motion. Plaintiff also alleges that he has used the services of a jailhouse lawyer, but that the jailhouse lawyer is afflicted with mental illness and can no longer assist him. (Doc. 3, p. 2).

A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Recruitment of counsel lies within the sound discretion of the court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to recruit counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). The first prong of the analysis is a threshold question. In other words, if a plaintiff has made no attempt to obtain counsel on his own, the Court should deny the request. *See Pruitt*, 503 F.3d at 655.

Plaintiff has failed to demonstrate that he has met his threshold burden of making a "reasonable attempt" to secure counsel. *See Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010);

*Brock v. Beelman Co.,* 2010 WL 1692769, at * 2 (S.D.Ill. April 27, 2010). Although he claims in his Motion that he has attempted to recruit counsel for his case, he has omitted the relevant exhibits that he states are in his possession. The Court therefore lacks sufficient information to determine whether Plaintiff has made a reasonable attempt to secure counsel on his own.

Additionally, the Court finds that Plaintiff is competent to proceed on his own at this time. Although Plaintiff alleges that he has no knowledge of civil law and has relied on the services of a jailhouse lawyer, the factual basis for his claims have been clearly presented to the Court in his Complaint, which is all that is necessary at this stage.

Should Plaintiff choose to move for recruitment of counsel at a later date, the Court DIRECTS him to (1) contact at least three attorneys regarding representation in this case prior to filing another motion, (2) include in the motion the names and address of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED without prejudice**.

Finally, Plaintiff has requested injunctive relief as part of his Complaint, although he has not requested a *preliminary* injunction or referenced Fed. R. Civ. P. 65. Therefore, the Court does not construe the Complaint as containing a request for a preliminary injunction. If Plaintiff wishes to request a preliminary injunction, he should file a proper motion pursuant to Rule 65.

## Disposition

**IT IS HEREBY ORDERED** that **Counts 1-3** survive threshold review against all defendants. Plaintiff's motion for appointment of counsel is **DENIED without prejudice**. (Doc. 3).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants Wexford, Siddiqui, Shah, Moldenhauer, and Lashbrook: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Reona J. Daly for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Reona J. Daly for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 11/9/2018**

s/ STACI M. YANDLE
**U.S. District Judge**
