IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD GADDY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-1735-SMY-RJD |
| | ) |
| WEXFORD HEALTH SOURCES, INC. et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 53), recommending that the Court grant the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Moldenhauer (Doc. 35) and the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Lashbrook (Doc. 39). Plaintiff filed a timely objection (Doc. 54)[1]. For the following reasons, Judge Daly's Report is **ADOPTED**.

Plaintiff Gerald Gaddy, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, claiming his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Specifically,

---

[1] Plaintiff has not objected to Judge Daly's recommendation that the Court grant Defendant Moldenhauer's Motion. Where no timely objections to the Report and Recommendation are made, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court finds no clear error with respect to Judge Daly's conclusion that Plaintiff failed to exhaust his administrative remedies as to Moldenhauer. Accordingly, Defendant Moldenhauer's Motion is **GRANTED**.

Plaintiff alleges Defendants Lashbrook, Moldenhauer, Shah, Siddiqui, and Wexford Health Services were deliberately indifferent to his chronic pain conditions and head injury, in violation of the Eighth Amendment. Defendants Moldenhauer and Lashbrook move for summary judgment, asserting that Plaintiff failed to submit a grievance naming or identifying them prior to filing this lawsuit.

Judge Daly determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) was unnecessary, and instead ruled on the evidence set forth in the parties' briefing. Judge Daly examined the grievances dated January 11, 2018 and May 15, 2018 and determined that, although Plaintiff grieved the medical treatment he received from Nurse Practitioner Zimmer, Dr. Shah, and Dr. Siddiqui, there was no evidence in the record that Plaintiff exhausted his administrative remedies as to his claims against either Moldenhauer and Lashbrook.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

Plaintiff does not deny that he failed to exhaust his administrative remedies prior to filing suit. Rather, he argues that Lashbrook, as Warden and Chief Administrative Officer of Menard, *should have been on notice* of the denial of adequate medical treatment when she denied both of his medical grievances. But pursuant to 42 U.S.C. § 1997e(a), Plaintiff was required to file a grievance putting IDOC on notice of the alleged inappropriate action by Lashbrook. As such, it is apparent that Plaintiff did not fully exhaust his administrative remedies prior to filing suit.

The Court finds no clear error in Judge Daly's findings, analysis and conclusions, and adopts her Report and Recommendation in its entirety. Accordingly, Plaintiffs' claims against Defendants Lashbrook and Moldenhauer are **DISMISSED without prejudice** for failure to exhaust administrative remedies. Plaintiff shall proceed on his claims against Defendants Shah, Siddiqui, and Wexford.

**IT IS SO ORDERED.**

**DATED: October 25, 2019**

*/s/ Staci M. Yandle*

**STACI M. YANDLE**
**United States District Judge**